418 Mass. 153                     153

Greco *v.* Suffolk Division of the Probate & Family Court Dep't.

FRANK A. GRECO *vs.* SUFFOLK DIVISION OF THE PROBATE
AND FAMILY COURT DEPARTMENT.

Suffolk. April 6, 1994. - July 1, 1994.

Present: LIACOS, C.J., ABRAMS, LYNCH, & GREANEY, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice,
Civil*, Recording of proceedings.

A single justice properly denied relief in an action brought under G. L. c.
211, § 3, seeking an order to compel the production of a tape recording
of an ex parte hearing in the Family and Probate Court Department,
where the plaintiff had an alternative remedy under Rule 201 (3) of the
Supplemental Rules of the Probate Court to refer the matter to the
Chief Justice of that court or an option to seek relief from the judge
who had ordered the tape be provided to the party seeking it. [156-157]
A party who ordered, pursuant to Rule 201 of the Supplemental Rules of
the Probate Court, a cassette copy of a tape recording of an ex parte
hearing in the Family and Probate Court Department was entitled as a
matter of right to such a copy irrespective of its audibility or practical
difficulties related to its production. [157-158]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on July 28, 1993.

The case was considered by *Nolan*, J.

*Frank A. Greco*, pro se.

*Phyllis N. Crockett*, Assistant Attorney General, for the
Commonwealth.

LIACOS, C.J. This action arose from the failure of the Suf-
folk Division of the Probate and Family Court Department
(court) to provide Frank A. Greco (plaintiff) with a tape re-
cording of an ex parte hearing in which his wife, the plaintiff
in a divorce proceeding, sought a temporary restraining order
against him. See G. L. c. 208, §§ 34B, 34C (1992 ed.). Not-
withstanding the requirement of Rule 201 of the Supplemen-
tal Rules of the Probate Court (1994) that such a proceeding

be recorded electronically and made available to a party on request, the tape has not been provided to the plaintiff.[1] In his subsequent complaint in the county court for relief under G. L. c. 211, § 3 (1992 ed.), the plaintiff sought to invoke this court's superintendence powers to compel the production of the tape recording.[2] The plaintiff appeals from a judgment of a single justice denying him relief.

We agree with the plaintiff that, as a party to the proceedings, he should have received a copy of the tape, regardless of its quality, as matter of law. See G. L. c. 217, § 18 (1992 ed.); rule 201.[3] However, for reasons we shall state, we conclude that this is not an appropriate case for the court to exercise its authority under G. L. c. 211, § 3. Thus, we affirm the judgment of the single justice.

a. *Facts.* The facts taken from the complaint, which the plaintiff purported to "verify," and the record are as follows. On September 1, 1989, the plaintiff's former wife, Rita Greco, filed a complaint for divorce, moving for a number of temporary orders against her husband. Following an ex parte

---

[1]Rule 201 (3) of the Supplemental Rules of the Probate Court (1994), provides in relevant part: "A cassette copy shall, upon request as aforesaid, be made available to any party to a proceeding so recorded or to his counsel of record." Under rule 201 (2), all requests for cassette copies must be filed on a prescribed form with the register of the Probate and Family Court in the division in which the case was heard. It is undisputed that plaintiff complied with the procedural requirements of rule 201 (2).

[2]The plaintiff also seeks to compel an investigation into the alleged misconduct of an assistant register of probate, the judge who heard the motion, and his former wife's attorney. Nothing in the record substantiates the plaintiff's allegations of misconduct. If the plaintiff desires to pursue this aspect of the matter, he may file complaints with the Committee on Professional Responsibility for Clerks of the Courts in accordance with S.J.C. Rule 3:13, as appearing in 407 Mass. 1309 (1990), and Code of Professional Responsibility for Clerks of the Courts, S.J.C. Rule 3:12 (1994); with the Commission on Judicial Conduct in accordance with G. L. c. 211C, § 5 (1992 ed.), and Rule 6 (A) of the Rules of the Commission on Judicial Conduct (1994); and, as to the attorney, with the Board of Bar Overseers, pursuant S.J.C. Rule 4:01, § 1 (2), 365 Mass. 696 (1974), and the Rules of the Board of Bar Overseers §§ 2.1-2.2.

[3]General Laws c. 217, § 18, provides: "[t]he register *shall* furnish copies of records or other papers in his custody and shall collect the legal fees therefor" (emphasis added).

418 Mass. 153                                                    155

Greco *v.* Suffolk Division of the Probate & Family Court Dep't.

hearing on September 1, a Probate Court judge allowed her motions and issued a temporary order restraining the actions of the plaintiff.[4]

Thence ensued the plaintiff's frustrating quest for the elusive tape. The plaintiff first requested a tape recording of the proceedings from the register's office in November, 1989. When the court failed to comply with his request, he submitted a second request form in April, 1990.[5] Shortly thereafter, an administrative assistant of the court informed the plaintiff that the assistant register, who had served as the clerk during the ex parte hearing, had determined that, in his judgment, the tape of the proceeding was inaudible. She also indicated that this determination had been confirmed by an independent appraisal conducted by their Springfield office, which provides copies of tape recordings.

By certified letter to the court, the plaintiff notified court officials that he wanted the tape, regardless of its quality. Nothing was sent. On July 11, 1990, the plaintiff submitted a third cassette copy request form. In processing this form, the same administrative assistant explicitly noted that the assistant register had directed that the copy be made even if the tape was inaudible, that the plaintiff was willing to pay for the tape, and that the judge who held the hearing had approved the request. Inexplicably, a copy was not produced.

Exasperated at the delay and what in essence amounted to the denial of his requests, the plaintiff subsequently moved for a court order to compel the production of the tape recording. His motion was allowed by another Probate Court judge. Despite several subsequent attempts to obtain the tape recording from the register's office the plaintiff asserts he made

---

[4]Court personnel admit that the proceeding was recorded electronically pursuant to rule 201 (1). At oral argument, the court's attorney explained that the recording was made with an outdated piece of equipment, which allegedly recorded only the sound of the air conditioner. We note that new equipment has been ordered.

[5]Neither of these request forms appears in the record. At oral argument, however, the register's office did not deny that the requests were submitted.

in person, by letter and over the telephone, the plaintiff's requests were never honored.[6] On July 28, 1993, the plaintiff filed a complaint for relief under G. L. c. 211, § 3, which a single justice denied shortly thereafter without a hearing.

b. *Denial of the plaintiff's complaint under G. L. c. 211, § 3.* It is well settled that this court will not reverse an order of a single justice in the absence of an abuse of discretion or clear error of law. *Delisle* v. *Commonwealth*, 416 Mass. 359, 360 (1993). *Rogan* v. *Commonwealth*, 415 Mass. 376, 378 (1993). There was no abuse or error.

General Laws c. 211, § 3, first par., confirms the power of this court, subject to one limitation, to correct errors and abuses in all courts of the Commonwealth. Relief need not be granted where an alternative means of redress is available. *Pandey* v. *Superior Court*, 412 Mass. 1001, 1001-1002 (1992). *Brown* v. *Chicopee Fire Fighters Ass'n, Local 1710*, 408 Mass 1003, 1003-1004 (1990). Here, the plaintiff had such a remedy in the trial court. Under rule 201 (3), parties aggrieved by a denial of a request for a recording or a delay in the processing may refer the matter to the Chief Justice of the Probate and Family Court.[7] When court employees failed to produce a copy, the plaintiff could have referred the matter to the court's then Chief Justice. Alternatively, he could have returned to seek relief from the judge who ordered the

---

[6]On August 31, 1992, the plaintiff brought a related action in the Superior Court against his wife, her attorney, and a third party sounding in fraud, conspiracy, abuse of process, and violation of Mass. R. Civ. P. 11, 365 Mass. 753 (1974). The plaintiff asserts that he needs the tape recording of the ex parte hearing to prove his allegations in this action. The Superior Court judge denied the plaintiff's emergency motion to order the production of the tape on jurisdictional grounds. After an adverse judgment, the plaintiff filed his notice of appeal on May 13, 1994.

[7]We note that at the time, the judge who presided at the ex parte hearing and against whom the plaintiff has lodged allegations of misconduct, was not then the Chief Justice of the Probate and Family Court but is now. According to the court's attorney, furthermore, the plaintiff had referred several other matters to the Chief Justice's office for resolution, which apparently were acted upon. The plaintiff does not dispute these representations. It appears that, while this appeal was pending, the plaintiff untimely referred the matter to the current Chief Justice.

disputed tape be provided him. Given the existence of these alternative remedies, the single justice was within his discretion in denying the relief sought by the plaintiff's complaint under G. L. c. 211, § 3.[8]

c. *Failure of register's office to produce the tape.* We think it important to state that we are troubled by the handling of this case by the trial court. When a member of the public takes the time to look up and follow the rules of our courts in his quest for a court record, as was done in this case, we expect registers and those working under them to assist the individual and to facilitate access to the records. Court rules and orders are to be obeyed consistently.

In defense of its actions, the court contends that due to the antiquated equipment and the noise from an air conditioner, the sounds on the tape were unintelligible; that, because the tapes were not contemporaneously indexed at the time of recording due to a lack of personnel and the volume of cases, it would have been very difficult to make a recording of the hearing; and that court personnel were concerned that the plaintiff would not want to waste his money for an inaudible tape.[9] Even in these circumstances, we cannot understand why a copy of the recording, irrespective of its audibility, was not made and turned over to the plaintiff. The failure to comply with the requirements of the rules of court leads to a

---

[8]We note that the plaintiff concedes that the merits of the temporary orders issued in the Probate Court are not germane to this action. Nor does it appear that he appealed from any of them. Cf. *Callahan* v. *Boston Mun. Court Dep't*, 413 Mass. 1009 (1992) (ordering release of tapes necessary for appellate review). See G. L. c. 231, § 118 (1992 ed.) (interlocutory appeals).

[9]In an affidavit filed after the denial by the single justice of the plaintiff's complaint, the assistant register states that it appears that the tape was erased after the third anniversary date of the recording. The court suggests, consequently, that the issues raised in this appeal are moot. We have not considered the affidavit because it is not properly before us. In passing, we note that the destruction of the recording after the plaintiff had made it clear that he wanted a copy and while the matter recorded was pending and subject to appellate review, appears to violate the letter and spirit of rule 201 (4).

sense by a lay person that something is amiss and fosters dark suspicions as well as unnecessary litigation.

We recognize that these are not the best of times for trial court personnel. Many employees are required to work under deplorable conditions in understaffed courts, with equipment that does not function properly. These less than optimal conditions necessitated by budget cuts, however, do not justify the course of action followed in this case. The plaintiff was entitled as a matter of right to a copy of the tape recording. In light of the clear language of rule 201 and the court order, there simply was no excuse for the apparent casual indifference shown toward the plaintiff in his mission to obtain the tape recording. By failing to obey the court rule and order, the register's office may have needlessly created the appearance of a cover-up, especially because the hearing at issue was an ex parte one. Instances such as these decrease the public's confidence in public servants, the judiciary, and the administration of justice. In turn, such a reduction of public confidence may weaken legislative support for modernization and create an unfortunate cycle, contingencies antithetical to the proper functioning and ultimate goals of our court system.

d. *Conclusion.* Court employees must comply with all the rules and orders of our courts. In this case, however, alternative means of relief were available to the plaintiff. Under our long-established doctrine, therefore, the case is not one where our superintendence powers under G. L. c. 211, § 3, must be exercised. The order of the single justice denying the plaintiff's complaint for relief under G. L. c. 211, § 3, is affirmed.[10]

*So ordered.*

---

[10]We also note that the plaintiff filed a motion for emergency relief in this court. The motion was referred to the single justice who ordered the motion denied without a hearing. That denial is not before us on this appeal.