MARK BROWN *vs.* ALLAN JAYNE. July 29, 1994. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Appeal, Dismissal, Damages.

The petitioner, Mark Brown, appeals from an order of a single justice denying his petition for relief pursuant to G. L. c. 211, § 3 (1992 ed.). On appeal, the petitioner essentially reargues the case he presented to the single justice. We affirm.

Brown's petition suggested that several appeals from orders of judges in the Superior and Housing Courts were improperly dismissed by those judges, and he sought reversal of those dismissals. In addition, Brown sought a stay of execution of an order of possession granted in favor of the defendant (landlord) in one of the underlying summary process actions. Subsequent to the denial of this petition by the single justice, the landlord recovered possession of the leased premises, so that issue is arguably moot. Brown also sought other relief, but we find it unnecessary to describe his requests here.

In reviewing the denial by a single justice of relief pursuant to G. L. c. 211, § 3, we examine whether the single justice committed a clear error of law or an abuse of discretion. *Department of Mental Retardation* v. *Kendrew, ante* 50, 53 (1994), and cases cited. The petitioner fails to argue in his brief why, in his view, the single justice committed clear error of law or abuse of discretion. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Similarly, however, the landlord fails to argue in his brief why the single justice should be affirmed. Neither brief was helpful to us.

We observe that the record submitted to us by the petitioner substantially failed to comply with Mass. R. A. P. 8 (a), as appearing in 378 Mass. 932 (1979), in that it did not contain copies of the original papers presented to the single justice or the docket sheet from the county court. Our review of the docket in the county court revealed that the petitioner had not submitted copies of original papers from the lower courts, nor any other evidence in favor of granting the relief he requested. Thus, all that appears in this record are mere allegations of various improprieties by various judges and clerks. Mere allegations of this sort do not suffice. The petitioner made no factual showing that he earnestly and thoroughly pursued his appeals in the cases below in accordance with the rules of civil procedure, the rules of appellate procedure, or other applicable rules and statutes, or that any improprieties occurred. See *Kendrew, supra* at 52 (noting that extraordinary relief under c. 211, § 3, is granted only when no other remedy is available). In short, the petitioner failed to make out his case to the single justice that his appeals were improperly dismissed. There was no error or abuse of discretion.

The landlord seeks $5,000 "as liquidated damages for costs, time spent preparing this case, and mental anguish incurred as a result of [petitioner's] making a frivolous appeal." Although he does not refer to it, we assume that the landlord makes this request pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). We doubt whether the landlord would be entitled to the type of damages he seeks under that rule. Nevertheless, we do not consider his request because, other than the quoted recitation, the landlord fails to make any argument in favor of granting his request. See Mass. R. A. P. 16 (a) (4); 16 (b), as appearing in 411 Mass. 1602 (1992).

The order of the single justice denying relief pursuant to G. L. c. 211, § 3, is affirmed. The landlord's request for money damages pursuant to Mass. R. A. P. 25 is denied, as is his motion to dismiss the petitioner's appeal. The other prayers of the petitioner, listed in his brief, are denied.

*So ordered.*

The case was submitted on briefs.
*Mark Brown,* pro se.
*Allan Jayne,* of New Hampshire, pro se.