CHERYL ADAMS *vs.* CUMBERLAND FARMS, INC., & others,
(and a consolidated case[1]).

Suffolk. April 4, 1995. - July 21, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts.

Relief under G. L. c. 211, § 3, was not available to a civil plaintiff where alternative procedures to obtain an effective remedy were available, namely, through appeal or under G. L. c. 231, § 118. [808-809]

CIVIL ACTIONS commenced in the Supreme Judicial Court for the county of Suffolk on July 5, 1994, and September 7, 1994, respectively.

The cases were heard by *Nolan*, J.

*Stanley R. Cohen* for the plaintiffs.

*Philip J. Moss* for Cumberland Farms, Inc., & others.

*Elisabeth J. Medvedow*, Assistant Attorney General, for District Attorney for the Eastern District, & others.

O'CONNOR, J. In each of these cases, which originally were commenced in the Superior Court, the plaintiffs filed an application in the Supreme Judicial Court for Suffolk County pursuant to G. L. c. 211, § 3. In the instant case, the application states that the plaintiff "make[s] application to the Single Justice pursuant to G. L. c. 211, § 3, for interlocutory review of an order [issued by a judge in the Superior Court] staying this action based on the order of the United States District Court for the District of New Jersey in *Curley, et al* v. *Cumberland Farms, Inc. et al* . . . enjoining the further prosecution of this case." In the other case here on appeal, the application for G. L. c. 211, § 3, relief states

---

[1]Cheryl Adams & others *vs.* Demetrios Haseotes & others.

that the plaintiffs "make application to the Single Justice pursuant to G. L. c. 211, Section 3 for interlocutory review of orders: 1) denying reconsideration of plaintiffs' motion to correct record on appeal and for Justice Volterra to recuse himself; 2) granting defendants' motion for Attorney Cohen to pay the defendants in *Adams* v. [*Cumberland Farms, and others*] $2,767.90 by August 20, 1994; and 3) approving sanctions of $2,259.88 to be paid by Attorney Stanley R. Cohen, personally, by November 27, 1994 for filing a motion to correct the record on appeal which the trial court found to be unnecessary. Applicants further request that those orders and judgments in the cases listed above [the two cases in which these appeals are taken and a third case in the Superior Court for the county of Essex also entitled *Cheryl Adams* v. *Cumberland Farms, Inc.*], which were based on files which were incomplete and were issued without the court having access to all papers filed, be vacated." Both applications for relief under G. L. c. 211, § 3, were denied by a single justice of this court. The plaintiffs have appealed.

We affirm the single justice's orders. "Our cases have emphasized that relief under G. L. c. 211, § 3, may not be sought merely as a substitute for normal appellate review. . . . It should be exercised only in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy." (Citations omitted.) *Parents of Two Minors* v. *Bristol Div. of the Juvenile Court Dep't*, 397 Mass. 846, 849 (1986), quoting *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). All the orders from which the plaintiffs sought relief from the single justice were reviewable on appeal (orders requiring counsel to pay attorney's fees by specified dates) or, as interlocutory matters, by the Appeals Court under G. L. c. 231, § 118. The plaintiffs did not avail themselves of those alternative procedures to obtain an effective remedy. The plaintiffs are not entitled to invoke the extraordinary powers created by

G. L. c. 211, § 3. The orders of the single justice denying relief are affirmed.

*So ordered.*