AMERICA MAZA *vs.* COMMONWEALTH. July 26, 1996. *Supreme Judicial Court,* Superintendence of inferior courts. *Appeals Court,* Appeal from order of single justice.

After a single justice of the Appeals Court denied her motion to permit her appeal to be docketed out of time, Mass. R.A.P. 10 (a) (3), 378 Mass. 937 (1979), the plaintiff renewed her motion in the county court. A single justice of this court treated the motion as a petition pursuant to G. L. c. 211, § 3 (1994 ed.), and denied it without a hearing. The plaintiff appeals.

A request for relief under G. L. c. 211, § 3, is properly denied where the petitioning party has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief. *Plymouth & Brockton St. Ry.* v. *Leyland,* 422 Mass. 526, 530-531 (1996). *Adams* v. *Cumberland Farms, Inc.,* 420 Mass. 807 (1995). *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't,* 418 Mass. 153, 156 (1994). In this case, the plaintiff could have appealed to a panel of the Appeals Court from the Appeals Court single justice's denial of her motion for permission to have her appeal docketed late. See, e.g., *Aspen Square Management* v. *Walker,* 37 Mass. App. Ct. 970 (1994); *Robinson* v. *Commissioner of Dep't of Youth Servs.,* 7 Mass. App. Ct. 847 (1979); *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377 (1975). The plaintiff did not pursue that route. Although she has been acting pro se, she is held to the same standards as litigants who are represented by counsel. *Solimine* v. *Davidian,* 422 Mass. 1002 (1996). *Brossard* v. *West Roxbury Div. of the Dist. Court Dep't,* 417 Mass. 183, 184 (1994), and cases cited.

*Judgment of the single justice affirmed.*

*America Maza,* pro se.

*Kristin E. McIntosh,* Assistant Attorney General, for the Commonwealth.