HENRY MARTINEAU vs. DEPARTMENT OF CORRECTION & another.[1]
July 30, 1996. *Supreme Judicial Court,* Superintendence of inferior courts,
Appeal from order of single justice.

The petitioner, a Massachusetts inmate, is the plaintiff in an underlying
action in the Superior Court. In March, 1993, he filed a motion for sum-
mary judgment in that action, but the court did not act on his motion. He
then filed several other motions seeking to elicit a ruling on his summary
judgment motion. Those motions, however, were denied.

In August, 1995, the petitioner filed a petition in the county court pursu-
ant to G. L. c. 211, § 3 (1994 ed.), requesting an order compelling the
Superior Court to act on his summary judgment motion. A single justice
denied the petition without a hearing, and the petitioner appeals.

Relief under G. L. c. 211, § 3, is properly denied when there are other
adequate and effective remedies available to the petitioner. *McGuinness* v.
*Commonwealth,* 420 Mass. 495, 497 (1995). *Greco* v. *Suffolk Div. of the
Probate & Family Court Dep't,* 418 Mass. 153, 156 (1994). In this case,
once the Superior Court had denied his emergency motion to expedite and
his subsequent request for a prompt disposition of his summary judgment
motion, the petitioner could have obtained review of those interlocutory
orders from a single justice of the Appeals Court in accordance with G. L.
c. 231, § 118, first par. (1994 ed.) Having failed to pursue that avenue, he
was not entitled to relief under G. L. c. 211, § 3. See *Matthews* v. *D'Arcy,*
422 Mass. 1012 (1996); *Adams* v. *Cumberland Farms, Inc.,* 420 Mass. 807
(1995).

Even if we were to consider the merits of the petitioner's assertions, we
would conclude that the single justice did not err or abuse his discretion in
denying this petition. See *Greco, supra* ("It is well settled that this court
will not reverse an order of a single justice in the absence of an abuse of
discretion or clear error of law"). Accord *Kyricopoulos* v. *Richardson,* 409
Mass. 1002 (1991); *Fogarty* v. *Commonwealth,* 406 Mass. 103, 106 (1989).
The petition and supporting materials established that the motion for sum-
mary judgment had been pending in the Superior Court for approximately
two and one-half years, despite the petitioner's repeated requests that it be
acted on. However, the record was insufficient to demonstrate that the
delay was unreasonable in the circumstances (which included the fact that
the petitioner's case had been consolidated with a class action brought by
other inmates raising the same or similar issues). The record also failed to
establish how in particular the petitioner has been prejudiced by the delay.

*Judgment affirmed.*

The case was submitted on briefs.
*Henry Martineau,* pro se.
*Philip W. Silva* for the defendant.