MALCOLM HICKS vs. COMMISSIONER OF CORRECTION. July 3, 1997. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Sentence.

In 1968, the petitioner was convicted of murder in the second degree and sentenced to a term of life imprisonment. In December, 1980, the Governor, with the recommendation of the advisory board of pardons and with the advice and consent of the Executive Council, commuted the petitioner's sentence "from [l]ife to a term of 21 years and 3 months to [l]ife, creating parole eligibility in 6 months, however, in any event, no earlier than June 30, 1981."[1]

In July, 1992, a judgment was entered in the Superior Court denying the petitioner's request for a writ of habeas corpus, in which he had argued that the Governor's commutation power was limited to reducing his conviction to the lesser offense of manslaughter which carried a maximum term of twenty years. He claimed that because he had served more than twenty years, he had served time in excess of the commuted sentence. Although the petitioner timely filed a notice of appeal with the Superior Court, he subsequently failed to perfect his appeal. On August 23, 1994, a single justice of the Appeals Court denied the petitioner's motion to allow his appeal to be docketed late, which the petitioner had filed the previous day.

On November 6, 1996, the petitioner filed a petition in the county court pursuant to G. L. c. 211, § 3, requesting the single justice to issue a writ of certiorari and to hold a hearing to determine the petitioner's "custody status." The arguments advanced in his petition were substantially the same as those made in his habeas corpus petition. The single justice denied the petition without a hearing, and the petitioner appeals.

Relief under G. L. c. 211, § 3, is not available where the petitioner has or had

---

[1] The apparent effect of the Governor's action was to advance the petitioner's parole eligibility date from August 28, 1982 (fifteen years from the effective date of the sentence), to June 30, 1981.

adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief. *Martineau* v. *Department of Correction*, 423 Mass. 1007 (1996), and cases cited. *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996), and cases cited. In this case, the relief sought by the petitioner could have been obtained in an appeal from the denial of his habeas corpus petition. Despite having timely filed an appeal, the record indicates that he failed to perfect his appeal in the Appeals Court. Subsequently, the petitioner could have appealed to a panel of the Appeals Court from the Appeals Court single justice's denial of his motion for permission to have his appeal docketed late. *Maza, supra*, and cases cited. Having failed to pursue those remedies, he was not entitled to relief under G. L. c. 211, § 3. See *Martineau, supra*; *Matthews* v. *D'Arcy*, 422 Mass. 1012 (1996); *Adams* v. *Cumberland Farms, Inc.*, 420 Mass. 807 (1995). Although the petitioner has been acting pro se, he is held to the same standards as litigants who are represented by counsel. *Maza, supra*, and cases cited.

Were we to consider the merits of the petitioner's claims, we would conclude that the single justice did not err or abuse his discretion in denying the petition. See *Martineau, supra*; *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't*, 418 Mass. 153, 156 (1994). Even if the Governor's attempted commutation of the petitioner's sentence was unlawful, it does not necessarily follow, as the petitioner claims, that he is entitled to have his sentence transformed in some other manner. There is no indication in the record, nor does the petitioner assert, that the Governor intended to pardon him outright or to lessen the offense for which he was convicted to manslaughter. Cf. *Commonwealth* v. *Arsenault*, 361 Mass. 287, 292 (1972) (commutation does not disturb conviction but simply remits portion of sentence). Nor is there any indication that the Governor intended that the petitioner be paroled at any specific time.

*Judgment affirmed.*

The case was submitted on briefs.

*Malcolm Hicks*, pro se.

*Ellyn H. Lazar*, Assistant Attorney General, for the Commonwealth.