*Paul M. Dantas*, pro se.

ANTONIO SEMEDO *vs.* COMMONWEALTH. May 18, 1999. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Plea.

This is an appeal from the single justice's denial of the petitioner's request for relief under G. L. c. 211, § 3. The petitioner had purported to appeal from a trial court ruling denying a motion to withdraw certain guilty pleas. The petitioner is not entitled to relief under G. L. c. 211, § 3, because another remedy was available: direct appeal of the trial court ruling to the Appeals Court. "Relief under G. L. c. 211, § 3, is not available where the petitioner has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief. *Martineau* v. *Department of Correction*, 423 Mass. 1007 (1996), and cases cited. *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996), and cases cited." *Hicks* v. *Commissioner of Correction*, 425 Mass. 1014, 1014-1015 (1997). The petitioner never attempted to pursue an appeal to the Appeals Court. The petitioner's "failure to follow the proper route [cannot] be excused simply because he has been proceeding pro se" (citation omitted). *Lanoue* v. *Commonwealth*, 427 Mass. 1014, 1015 (1998).

However, even assuming, arguendo, that the petition under G. L. c. 211,

§ 3, was properly before the single justice, there is no basis for overturning the single justice's denial of the petition. "This court will not reverse a single justice's denial of a petition brought pursuant to G. L. c. 211, § 3, unless the single justice abused his or her discretion or made a clear error of law." *Rogan* v. *Commonwealth*, 415 Mass. 376, 378 (1993), citing *Schipani* v. *Commonwealth*, 382 Mass. 685 (1980). A review of the record before the single justice reveals that, if he reached the substance of the petitioner's claim, he neither abused his discretion nor committed a clear error of law. The transcript of the plea colloquy shows that the trial judge properly informed the petitioner of his right to trial, his right to confront his accusers, and his privilege against self-incrimination. The petitioner waived those rights. He admitted to facts constituting the elements of rape and assault, the crimes to which he pleaded guilty, and he testified that he was pleading guilty voluntarily, not because of threats or pressure. See *Commonwealth* v. *Lopez*, 426 Mass. 657, 660 (1998), and cases cited.

The order of the single justice denying relief under G. L. c. 211, § 3, is affirmed.

*So ordered.*

*Antonio Semedo*, pro se, submitted a brief.