IGOR LANTSMAN *vs.* DORA LANTSMAN. June 22, 1999. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner sought review pursuant to G. L. c. 211, § 3, of two protective orders issued against him by the Middlesex Probate and Family Court and the Brookline District Court while he allegedly had been incarcerated. A single justice of this court denied the petition for relief and the petitioner appealed. We affirm.

A request for relief under G. L. c. 211, § 3, is properly denied where the petitioning party has or had an adequate and effective avenue to seek and obtain the requested relief other than G. L. c. 211, § 3. *Plymouth & Brockton Street Ry.* v. *Leyland*, 422 Mass. 526, 530-531 (1996). *Adams* v. *Cumberland Farms, Inc.*, 420 Mass. 807, 808 (1995). *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't*, 418 Mass. 153, 156 (1994). In this case, the petitioner had the right to seek review of both orders in the Appeals Court. See *Zullo* v. *Goguen*, 423 Mass. 679, 681-682 (1996) (authorizing parties aggrieved by the issuance or denial of abuse prevention orders issued in the District Court pursuant to G. L. c. 209A to pursue an appeal to the Appeals Court rather than proceeding in the county court under G. L. c. 211, § 3). *Kraytsberg* v. *Kraytsberg*, 427 Mass. 1008, 1009 (1998) (recognizing that, as for protective orders

issued by Probate Court under G. L. c. 208, § 34B, an aggrieved party may seek review in the Appeals Court pursuant to G. L. c. 211A, § 10). Cf. *Smith* v. *Joyce*, 421 Mass. 520 (1995) (reviewing an order issued by Probate Court pursuant to G. L. c. 209A in the course of an ordinary appeal). See G. L. c. 211A, § 10; G. L. c. 215, § 9. Having failed to avail himself of the traditional appellate route to obtain an effective remedy, the petitioner is not entitled to invoke the extraordinary relief set forth in G. L. c. 211, § 3.

Even assuming the petitioner properly sought relief under G. L. c. 211, § 3, he failed to provide a sufficient record to substantiate his allegations. In seeking relief under G. L. c. 211, § 3, it was the petitioner's burden to create a record — not merely to allege but to demonstrate by any relevant pleadings, orders, court records, or transcripts — that the issuance of the protective orders while he claims he was incarcerated deprived him of a substantive right entitling him to relief. *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 119 S. Ct. 514 (1998). *Brown* v. *Jayne*, 418 Mass. 1002, 1003 (1994). *Barnoski* v. *Commonwealth*, 413 Mass. 1007 (1992). The petitioner did not create such a record.

*Judgment of the single justice affirmed.*

The case was submitted on brief.

*Igor Lantsman*, pro se.