*James K. Bradford* for the petitioner.

---

CARE AND PROTECTION OF LYDIA. August 12, 1999. *Supreme Judicial Court,* Appeal from order of single justice.

A judge in the Berkshire Division of the Juvenile Court Department determined on March 18, 1999, that Lydia (petitioner) would not be permitted to testify at what the judge labeled a "Substitute Care Review Hearing." See G. L. c. 119, § 29B. The petitioner appeals, pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of her petition for relief pursuant to G. L. c. 211, § 3, by a single justice of this court. The single justice also denied the petitioner's request for a stay.

We consider the denial of the request for permission to testify to be an interlocutory ruling for purposes of rule 2:21 (1); we do not consider whether

this appeal is moot even though the hearing at issue has been held and the petitioner has filed a notice of appeal; and we turn to the question whether the petitioner has met the requirement of rule 2:21 (2) that she "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."

The petitioner presents three primary arguments regarding that requirement: awaiting the result of an appeal from the hearing by the Juvenile Court judge will further delay resolution of her (custody) status; that if she is successful in that appeal she may then be faced with a new hearing followed by an appeal and more delay; and, that the scope of review on appeal from the hearing is limited by G. L. c. 119, § 29B, to determining whether there has been an abuse of discretion. We are not persuaded by these arguments because the petitioner could bring the necessity for expedited review of the appeal from the hearing to the attention of the appropriate appellate court; G. L. c. 119, § 26, provides a mechanism for seeking periodic review and redetermination of the child's current needs (in addition to that provided in § 29B); if she were successful in her appeal from the single justice's decision she could also be faced with the need for a new hearing and the possibility of an appeal and more delay; and, our review of a decision by a single justice of this court considers whether that single justice abused his discretion or committed a clear error of law. *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't*, 418 Mass. 153, 156 (1994), and cases cited. The petitioner has not met her burden under rule 2:21 (2).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Sally Liston Vincent* for the child.