FRANCIS C. BURNHAM *vs.* CLERK OF THE PEABODY DIVISION OF THE DISTRICT COURT DEPARTMENT. July 20, 2000. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Transcript of hearing, Recording of proceedings, Fees and costs.

The petitioner, Francis C. Burnham, was tried and convicted on a charge of disorderly conduct (G. L. c. 272, § 53) in the Peabody Division of the District Court Department. After he had been assessed fines for said conviction, Burnham filed a notice of appeal from the guilty verdict (and from a denial of a postconviction motion for a new trial). His appeal was ultimately dismissed by a District Court judge because of Burnham's failure to comply with applicable rules of appellate procedure in connection with this appeal.

Specifically, Burnham, who did not assert indigent status in the District Court, refused to pay the required trial court fee to obtain a copy of the cassette tape of his criminal trial in the District Court. See G. L. c. 262, § 4; Mass. R. A. P. 8 (b) (3) (ii), as amended, 428 Mass. 1601 (1998). After unsuccessful efforts for mandamus relief or a stay of his sentence in the District Court, in the Appeals Court, and before this court, see *Burnham* v. *Commonwealth*, 422 Mass. 1013 (1996), Burnham then petitioned a single justice of this court, under G. L. c. 211, § 3, to enter an order, essentially in the nature of a writ of mandamus, to compel the District Court clerk to make arrangements for preparation of (without cost to Burnham) the transcript of his criminal trial.

The single justice correctly denied the petition, without a hearing, where the petitioner had an adequate and effective avenue other than G. L. c. 211, § 3, by which to seek and obtain the requested relief, see *Hicks* v. *Commissioner of Correction*, 425 Mass. 1014, 1014-1015 (1997), namely an appeal to the Appeals Court from the District Court's order of dismissal. Cf. *Matter of an Appeal Bond (No. 1)*, 428 Mass. 1013, 1013 (1998) ("proper course for [petitioner] to have followed, if [he] wished further to challenge the bond, was to refuse to pay the bond, suffer the dismissal of her summary process appeal, and then appeal to the Appeals Court . . . from the order of dismissal"). Burnham chose not to avail himself of that method of relief by failing to prosecute an appeal in compliance with the appellate rules of procedure. Although the petitioner is and has been acting pro se, "he is held to the same standards as litigants who are represented by counsel." *Hicks* v. *Commissioner of Correction, supra* at 1015. In sum, there is no factual or legal basis on this record warranting the relief requested.

*Judgment affirmed.*

*Francis C. Burnham*, pro se.
*Pamela L. Hunt*, Assistant Attorney General, for the defendant.