DONALD FRYE *vs.* LAURENCE DUCOMB & another.[1] December 13, 2000. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

Donald Frye (petitioner) purports to appeal pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of his request for relief, from a single justice of this court, under G. L. c. 211, §§ 3 and 4A. He sought to have the single justice require that the Superior Court hold a prompt hearing on certain pending motions. The single justice also denied the petitioner's request for reconsideration.

---

[1]Claudia Baldassano.

The petitioner has not identified an interlocutory ruling of the trial court which he challenges. Rule 2:21, therefore, does not apply. When a petitioner seeks to appeal pursuant to rule 2:21 and we determine that the rule does not apply because no interlocutory ruling of the trial court has been identified, we usually authorize the petitioner to pursue the appeal from the judgment of the single justice according to the regular appellate process. We do not do so in this instance, in the interest of promoting judicial economy, because we conclude that the petitioner could not show that he had no adequate and effective avenue of relief other than G. L. c. 211, § 3. See *Semedo* v. *Commonwealth*, 429 Mass. 1006 (1999); *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997); *Martineau* v. *Department of Correction*, 423 Mass. 1007 (1996); *Callahan* v. *Superior Court*, 410 Mass. 1001 (1991). See also *Zatsky* v. *Zatsky*, 36 Mass. App. Ct. 7, 12-13 (1994). We also note that the petitioner did not state, in his request for relief under G. L. c. 211, §§ 3 and 4A, that he did not have any other appropriate avenue of relief.

We conclude, therefore, that the single justice neither abused his discretion nor committed a clear error of law. See *Semedo* v. *Commonwealth*, *supra* at 1007.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Donald Frye*, pro se.