Wright J-
This is a Dist/Mun. Cts. E.AD.A, Rule 8C, appeal by the plaintiff-landlord of the trial court’s (1) allowance of a stay of execution on a judgment for possession entered in the landlord’s favor and (2) Mure to order use and occupancy payments by the tenant during the period of the stay.
The defendant was a tenant at will of premises at 13 Arlington Street, Haverhill owned by the plaintiff-landlord. In November, 2000, the tenant stopped paying rent, allegedly in response to both prior conditions in the apartment, which had been remedied, and the landlord’s failure to compensate him for personal property which he claimed was stored in the basement of the apartment building and destroyed by fire.
On December 11,2000, the landlord filed a summary process complaint for possession and $1,700.00 in unpaid rent The tenant filed an answer and counterclaim on December 18,2000, but failed to serve the same on the landlord. At the trial on December 21,2000, the tenant did not dispute either the fact, or the amount, of the rent arrearage. He testified only that he lost approximately $8,000.00 in furniture and other items in the basement fire, that he had rejected the landlord’s offer to waive the rent arrearage in exchange for his departure from the premises by the end of January, and that while he had been approved for subsidized housing, he was having difficulty locating a five bedroom apartment to house himself and his seven children.
On December 22,2000, the court entered judgment for the landlord for possession, denied the landlord’s claim for unpaid rent, dismissed the tenant’s counterclaim,[2] and ordered a fifty-six day stay of execution until February 15,2001 with no provision for the payment of use and occupancy by the tenant
1. The order for a stay of execution was error. While the decision to grant a stay pursuant to G.L.c. 239, §§9-11 is discretionary with the trial judge, such discretion must be exercised in accordance with statutory requirements and restrictions. LoRusso v. Talbot, 1999 Mass. App. Div. 301, 304. Section 10 oí G.L.c. 239 pertains to a good faith application for a stay by a tenant who has Med, after “due and reasonable effort,” to secure “suitable” and “similar” housing for himself and his family. A §10 stay may he granted, however, only “as provided in the preceding section.” The preceding section, G.L.c. 239, §9, unequivocally limits a stay of execution on a judgment for possession to those cases
*189 where a tenancy has been terminated without fault of the tenant, either by operation of law or by act of the landlord, except by a notice to quit for nonpayment of rent... [emphasis supplied].
The underscored statutory language cannot be construed as mere surplusage. See generally, Globe Newspaper Co. v. Commissioner of Revenue, 410 Mass. 188, 192 (1991); Bartlett v. Greyhound Real Estate Finance Co., 41 Mass. App. Ct. 282, 289 (1996). Thus as the tenancy in this case had been terminated by a notice to quit for nonpayment of rent, the defendant-tenant was ineligible for a stay of execution.
2. As the tenant had vacated the premises by the date of oral argument on this appeal, the question of the stay has become moot Brown v. Jayne, 418 Mass. 1002 (1994); Longfellow Glen Associates v. Brown, 1999 Mass. 290, 291 and cases cited. The remaining issue is the landlord’s entitlement to payment for the tenants use and occupation of the premises from the date of judgment until the time of the tenant’s departure.[3]
Upon the termination of his tenancy at will by the landlord’s notice to quit, the defendant-tenant remained on the premises as a tenant at sufferance. See Lowell Hous. Auth. v. Save-Mor Furniture Stores, Inc., 346 Mass. 426, 431 (1963), with a legal obligation to pay for his use and occupation of those premises. G.L.c. 186, §3. The tenant remains liable even in those cases in which a valid stay of execution is ordered. The plaintiff-landlord is entitled to recover such payments in this case, which are measured not by the amount of the rent paid prior to tenancy termination, but by the fair market value of the premises during the period in question. Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492, 502 (1997).
Accordingly, this case is returned to the Haverhill Division for an assessment and award to the plaintiff-landlord of use and occupancy payments by the tenant from December 22,2000 to the date the tenant vacated the premises.
So ordered.

 While the court could have dismissed the tenanf s counterclaim for lack of service, the actual basis of the court’s judgment on the counterclaim is not disclosed in the record. In any event, the tenant has not appealed the dismissal.

 As the landlord failed to file any Mass. R Civ. R, Rule 64A, requests for rulings of law or a postjudgment motion on the issue of the unpaid rent for November and December, the issue is not open on this appeal. Subway Real Estate Corp. v. Marinello, 1999 Mass. App. Div. 180, 180-181; Ducker v. Ducker, 1997 Mass. App. Div. 147, 148-149.