WEI H. YE *vs.* COMMONWEALTH. April 1, 2004. *Supreme Judicial Court,* Superintendence of inferior courts.

Following conviction on multiple indictments, Wei H. Ye appealed to the Appeals Court, which affirmed his convictions. *Commonwealth* v. *Ye*, 52 Mass. App. Ct. 390 (2001). This court denied his application for further appel-

---

late review. 435 Mass. 1107 (2001). Thereafter, Ye filed a petition in the county court, pursuant to G. L. c. 211, § 3, seeking relief from his convictions. A single justice denied the petition without a hearing, and Ye appealed. We affirm.

The issues cited in Ye's petition either were raised, or could have been raised, in his direct appeal. E.g., *Hines* v. *Superior Court*, 423 Mass. 1005, cert. denied, 519 U.S. 984 (1996). Where, as here, a "petitioner has both pursued and exhausted available appellate remedies . . . [G. L.] c. 211, § 3, does not provide the petitioner with the right to further consideration of the same issues." *Clark* v. *Commonwealth*, 437 Mass. 1015, 1015 (2002) (Appeals Court affirmed trial court's judgment, and Supreme Judicial Court denied further appellate review).[1] Relief under G. L. c. 211, § 3, was properly denied. *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986).

*Judgment affirmed.*

*Wei H. Ye*, pro se, submitted a brief.


---

[1]There is no merit to Ye's claims that he was entitled to a hearing before the single justice, or that the single justice was required to issue a memorandum explaining her decision to deny his G. L. c. 211, § 3, petition. See *Callahan* v. *Commonwealth*, 416 Mass. 1010, 1011 (1994) (single justice not required to state reasons for denying G. L. c. 211, § 3, petition); *Taylor* v. *Newton Div. of the Dist. Court Dep't*, 416 Mass. 1006, 1006 (1993) ("The rules for the regulation of practice before a single justice of this court do not require the single justice to grant a hearing or to make findings").