*Yuri Kraytsberg*, pro se.


YURI KRAYTSBERG *vs.* YEVGENYA KRAYTSBERG & others (No. 2).[1] May 26, 2004. *Supreme Judicial Court,* Superintendence of inferior courts, Further appellate review. *Practice, Civil,* Appeal.

Yuri Kraytsberg appeals from the judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm.

In 2001, Kraytsberg appealed to the Appeals Court from a decision of the Newton Division of the District Court Department denying his motion to vacate and his request for an evidentiary hearing with respect to a September 7, 2000, order that permanently extended and modified an abuse prevention order first issued against him in 1993 and renewed each year since then. The Appeals Court affirmed the District Court's order in an order and unpublished memorandum pursuant to its rule 1:28. *Kraytsberg* v. *Kraytsberg*, 57 Mass. App. Ct. 1102 (2003).

Kraytsberg next filed a petition pursuant to G. L. c. 211, § 3, seeking review of the September 7, 2000, order issued by the Newton District Court. He also filed an application for further appellate review, which was denied. *Kraytsberg* v. *Kraytsberg*, 438 Mass. 1110 (2003).

Kraytsberg argues that a petition under G. L. c. 211, § 3, was his only recourse because the Appeals Court "refused" to take any action on the appeal and generally "ignore[d]" the issues he raised, thereby making further appellate review impossible. This is not the case. The Appeals Court did take action on his appeal. Kraytsberg is aggrieved by the decision rendered. The Appeals Court determined that because Kraytsberg conceded the validity of the September 7, 2000, order at the hearing on his motion to vacate, the court did not have to reach his arguments attacking that order on appeal. The only matter properly before the court, in the court's view, was his appeal from the denial of his motion to vacate and his request for an evidentiary hearing. *Kraytsberg* v. *Kraytsberg*, 57 Mass. App. Ct. 1102 (2003). Kraytsberg neither articulated any reasons why the order should be vacated nor suggested that anything of substance had occurred since the order was issued that would have allowed the District Court judge to decide to vacate her order. *Id.*

---

[1] Newton Division of the District Court Department and the Massachusetts Appeals Court, nominal parties.

"A request for relief under G. L. c. 211, § 3, is properly denied where the petitioning party has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief." *Maza* v. *Commonwealth*, 423 Mass. 1006, 1006 (1996). Here, Kraytsberg had and pursued an adequate alternative remedy, namely an application for further appellate review. The single justice therefore neither erred nor abused his discretion in denying Kraytsberg's petition.

*Judgment affirmed.*