Rescript Opinions.

ANTWYAN PRIDGETT *vs.* COMMISSIONER OF CORRECTION & others.[1] March 16, 2005. *Supreme Judicial Court,* Appeal from order of single justice. *Habeas Corpus. Imprisonment,* Department disciplinary unit.

Antwyan Pridgett, a prisoner at the Massachusetts Correctional Institution at Cedar Junction, appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. The petitioner alleges that he is being held improperly in the institution's departmental disciplinary unit (DDU), and he seeks an order compelling a judge in the Superior Court either to release him into the institution's general population or to parole him "to the streets." There was no error.

Prior to filing the present petition, the petitioner filed a habeas corpus petition in the Superior Court. In the proceeding on that petition, the petitioner advanced substantially the same arguments and sought the same or similar relief as before this court. Indeed, the gravamen of the present petition is that the Superior Court judge erred in dismissing the petition that the petitioner filed in that court.[2] See *Hicks* v. *Commissioner of Correction,* 425 Mass. 1014, 1015 (1997) (G. L. c. 211, § 3, petition properly denied where "the relief sought by the petitioner could have been obtained in an appeal from the denial of his habeas corpus petition"). The petitioner appealed from the dismissal of his Superior Court petition, although he did not seek further appellate review pursuant to Mass. R. A. P. 27.1, as amended, 426 Mass. 1602 (1998).[3] *Pridgett, petitioner,* 57 Mass. App. Ct. 1114 (2003). See *Lanoue* v. *Commonwealth,* 427 Mass. 1014, 1015 (1998) (G. L. c. 211, § 3, relief properly denied where petitioner failed to seek further appellate review following Appeals Court's decision). Given that "the petitioner has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief," *Hicks* v. *Commissioner of Correction, supra* at 1014-1015, relief under G. L. c. 211, § 3, properly was denied.[4]

Moreover, even if we were to construe the petition before us as seeking a writ of habeas corpus, the single justice properly could have denied relief because the petitioner failed to establish that he is "eligible for immediate release from the respondents' custody." *Hennessy* v. *Superintendent, Mass.*

[1]The superintendent, the former superintendent, the deputy superintendent, and the record coordinator of the Massachusetts Correctional Institution, Cedar Junction; the records-date computation manager of the classification division of the Department of Correction; and a member of the parole office.

[2]The petitioner's notice of appeal characterized the single justice's judgment as denying relief from an interlocutory ruling on May 2, 2001, and from a petition for habeas corpus denied on August 25, 2000, by a Superior Court judge. The propriety of the Superior Court judge's action was the subject of *Pridgett, petitioner,* 57 Mass. App. Ct. 1114 (2003).

[3]The Appeals Court's docket reflects the filing of a "notice of appeal" more than thirty-five days after that court's decision, and seven days after rescript had issued to the Superior Court. A copy of that document was not included in the materials before the single justice and we have no way of gauging whether it was intended to be an application for further appellate review.

[4]To the extent the petitioner sought an order compelling the Superior Court judge to enter a particular order, the single justice properly denied the petition. Relief in the nature of mandamus "will not issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." *Callahan* v. *Superior Court,* 410 Mass. 1001, 1001 (1991).

*Correctional Inst., Framingham,* 386 Mass. 848, 852 (1982). While the petition challenged the conditions of the petitioner's confinement — i.e., in the institution's DDU rather than the general population — even if the petitioner "could show that the conditions of his confinement are unlawful, he would be entitled only to modification of the conditions rather than immediate release." *Dutil, petitioner,* 437 Mass. 9, 22 (2002).[5]

*Judgment affirmed.*

The case was submitted on briefs.

*Antwyan Pridgett,* pro se.

---

[5]Although the petitioner sought oral argument and a hearing on the petition, and filed a petition in the county court for a writ of habeas corpus ad testificandum to that end, he was not entitled to such a hearing. See *Ye* v. *Commonwealth,* 441 Mass. 1010, 1011 n.1 (2004).