WILLIAM ENGLEHART *vs.* COMMISSIONER OF CORRECTION & others.[1] February 10, 2009. *Supreme Judicial Court,* Superintendence of inferior courts. *Habeas Corpus.*

William Englehart appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3, and from the single justice's denial of his "Motion for Jurisdictional Judgment." We affirm.

Since 2006, Englehart has been serving a Massachusetts prison sentence of from seven to eight years. In 2007, he was sent to Rhode Island pursuant to a detainer from that State to face criminal charges there. The Rhode Island matter was dismissed, and approximately six weeks after Englehart arrived in Rhode Island he was returned to Massachusetts to resume his prison sentence here. Thereafter, Englehart filed a petition for a writ of habeas corpus in the Superior Court pursuant to G. L. c. 248, claiming that when he was sent to Rhode Island, Massachusetts lost jurisdiction over him and, therefore, his return to prison in Massachusetts violated his due process rights. The respondents moved successfully for summary judgment. The trial court docket does not indicate that Englehart filed a notice of appeal.

In the county court, Englehart sought to invoke this court's extraordinary superintendence power under G. L. c. 211, § 3, to obtain relief from the adverse judgment on his habeas corpus petition. The single justice denied his request for relief.

The single justice neither abused his discretion nor otherwise erred because Englehart failed to show that he lacked an adequate alternative remedy to relief under G. L. c. 211, § 3: he could have appealed from the Superior Court's denial of his petition for habeas corpus relief to the Appeals Court and raised there all of his challenges to the Superior Court's handling of his habeas corpus petition. See *Hicks* v. *Commissioner of Correction,* 425 Mass. 1014, 1014-1015 (1997). Accord *Pridgett* v. *Commissioner of Correction,* 443 Mass. 1016, 1016 (2005). It is not too late for him to seek leave to file a late notice of appeal because less than one year has elapsed since the Superior Court judge dismissed his petition. See Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979); *Commonwealth* v. *White,* 429 Mass. 258, 263 (1999).[2]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*William Englehart,* pro se.

*David Slade* for the defendants.

---

[1]Superintendent of the Old Colony Correctional Center. The petitioner also named the Clerk of the Superior Court for Civil Business in Suffolk County, and a judge of that court; they are nominal parties only. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

[2]We do not address other issues raised by Englehart for the first time in this appeal.