NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11648

STEVEN FITZGERALD  vs.  DISTRICT COURT DEPARTMENT
OF THE TRIAL COURT.[1]


March 13, 2015


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Plea.


     Steven Fitzgerald appeals from a judgment of a single
justice of this court denying his petition for relief under
G. L. c. 211, § 3.  Because we agree with the single justice
that Fitzgerald is not entitled to extraordinary relief under
G. L. c. 211, § 3, we affirm.

     Fitzgerald pleaded guilty to certain criminal offenses in
the District Court in 2013.  In his petition before the single
justice, he argued that he was forcibly medicated when he
tendered his pleas.  He also complained that he has not been
able to obtain a copy of the court file of the earlier, related
proceedings conducted under G. L. c. 123, §§ 8B and 16 (b),
which resulted in orders that he be involuntarily committed and
treated with antipsychotic medications.

     On appeal, Fitzgerald primarily presses his claim that he
was improperly ordered to take antipsychotic medications before

---

[1] The Haverhill and Brockton Divisions of the District Court
Department of the Trial Court were named as the respondents.
They are nominal parties only.  The real party in interest is
the Commonwealth.  S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

he pleaded guilty.[2]  It appears that at some point before the plea hearing, a District Court judge had granted a petition of the medical director of Bridgewater State Hospital to involuntarily commit Fitzgerald pursuant to G. L. c. 123, § 16 (b), and also granted the medical director's separate petition seeking authority to treat him with antipsychotic medications pursuant to G. L. c. 123, § 8B.  Then, in March, 2013, a second judge held the plea hearing at which Fitzgerald was represented by counsel.  After finding him competent to stand trial,[3] and conducting a plea colloquy, the judge accepted his guilty pleas and sentenced him.  To the extent that Fitzgerald now seeks through his G. L. c. 211, § 3, petition to have his pleas vacated, on the ground that he was improperly forced to take antipsychotic medications, and was under the influence of those medications when he tendered his guilty pleas, his request is misplaced.  Such a request should be made in a motion for a new trial pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), which, if denied, is subject to review in the normal appellate process.  A motion for a new trial filed in the trial court, and not a petition for general superintendence relief in this court, is the appropriate remedy. See Commonwealth v. Colon, 439 Mass. 519, 524 (2003), quoting Commonwealth v. Huot, 380 Mass. 403, 406 (1980) ("A motion for a new trial is the appropriate device for attacking the validity of a guilty plea").  See also McMenimen v. Passatempo, 452 Mass. 178, 185 (2008), and cases cited ("Our jurisprudence under G. L. c. 211, § 3, consistently reinforces the principle, which is grounded in the statutory language, that the extraordinary remedy of general superintendence is meant for situations where a litigant has no adequate alternative remedy").  The single

---

[2] Steven Fitzgerald has filed various motions to impound his entire case file in this court.  The court previously allowed the respondents' motion to impound the record appendix because it contains mental health records protected from disclosure under G. L. c. 123.  Fitzgerald has not demonstrated that there is good cause to impound the entire case file, but we shall amend the previous order of impoundment so that it includes all of his medical and mental health records wherever they may appear in the file of the case.

[3] Two District Court judges had previously found him incompetent to stand trial under G. L. c. 123, §§ 15 and 16.

justice neither erred nor abused his discretion by denying relief under G. L. c. 211, § 3.[4]

Further, Fitzgerald was not entitled to extraordinary relief under G. L. c. 211, § 3, to the extent that he claims that there was error in the G. L. c. 123, §§ 8B and 16 (b), proceedings. It was in those proceedings that the judge ordered the administration of antipsychotic medication. If Fitzgerald wished to challenge that order, he could have sought review from the Appellate Division of the District Court pursuant to G. L. c. 123, § 9 (a), or from a judge of the Superior Court pursuant to G. L. c. 123, § 9 (b). It does not appear that he ever availed himself of that right. See Maza v. Commonwealth, 423 Mass. 1006, 1006 (1996) ("A request for relief under G. L. c. 211, § 3, is properly denied where the petitioning party has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief").

Finally, to the extent that Fitzgerald continues to assert that he has been unable to obtain a copy of the court record of the §§ 8B and 16 (b) proceedings, his allegation is belied by the record before us. According to the docket, he has been furnished with copies of the file, including audiotapes of the proceedings. If for any reason the District Court clerk's office has not provided him with a copy of the entire record, he is of course entitled to have it upon a proper request and the payment of any applicable costs of reproduction.

Judgment affirmed.

Steven Fitzgerald, pro se.
Kris C. Foster, Assistant Attorney General, for the defendant.

---

[4] Likewise, a motion that Fitzgerald had filed in the District Court (and that had been denied), entitled "Motion to Vacate and Reimpose Sentence in Order to File Motion to Revise and Revoke," was reviewable on appeal in the ordinary course and did not warrant the single justice's consideration under G. L. c. 211, § 3.