The plaintiffs purport to appeal from the October 26, 2015, judgment dismissing their complaint, the November 28, 2016, order denying their motion for a hearing, and other unspecified orders. We affirm.
On May 13, 2015, the plaintiffs filed a complaint in Norfolk division of the Superior Court Department against Michael DeMarco, who, they alleged, represented them in various actions. After allowance of their motion to transfer, on May 29, 2015, the plaintiffs' complaint was refiled in the Middlesex division. On August 28, 2015, the defendant filed a motion to dismiss supported by a memorandum of law. On September 17, 2015, an order denying the motion entered, stating: "DENIED without prejudice. Although the assertions in the motion papers suggest that the claims in this case may be barred by issue or claim preclusion, the court cannot take judicial notice of the other proceedings unless certified copies of the record are presented." On September 22, 2015, the plaintiffs filed a motion for a default. On September 30, 2015, the defendant filed a notice of intent to file a motion to dismiss.
On October 9, 2015, the defendant filed a second motion to dismiss, and an order (dated October 22, 2015) entered on October 26, 2015, allowing the motion without opposition. On October 26, 2015, judgment also entered dismissing the plaintiffs' complaint pursuant to Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974). On November 10, 2015, the plaintiffs filed an emergency motion for relief. On January 4, 2016, an order denying the plaintiffs' motion for default entered, noting that "[t]he case ha[d] been dismissed on 10/22/15 with judgment entered on 10/26/15."
Over nine months later, on October 27, 2016, the plaintiffs filed "plaintiff's motion request for hearing in regard filed relief motion and request for hearing that has been pending over 11 months," evidently referring to their emergency motion for relief filed on November 10, 2015. An order denying the October 27, 2016, motion entered on November 28, 2016.
Each plaintiff filed a notice of appeal on December 20, 2016. Those notices of appeal are deficient in various respects. To the extent the plaintiffs purport to appeal from the October 26, 2015, judgment (mistakenly identified by them as having a date of October 29, 2015), that appeal is untimely, having been filed more than one year after the judgment entered. See Mass.R.A.P. 4(a), as amended, 464 Mass. 1601 (2013) ("[N]otice of appeal ... shall be filed with the clerk of the lower court within thirty days of the date of the entry of the judgment"). To the extent they appeal from the January 4, 2016, order denying their motion for default, that appeal is untimely for the same reason.
The only appeal that is before us is from the November 28, 2016, order denying the plaintiffs' October 27, 2016, motion for a hearing on their November 10, 2015, emergency motion for relief. This appeal fails. Even if we were to treat their November 10, 2015, motion as a motion pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), and treat the November 28, 2016, order as denying both their October 27, 2016, motion for a hearing and November 10, 2015, emergency motion for relief, the plaintiffs have failed to show any abuse of discretion. In addition to their incomplete record appendices on appeal, which omit materials critical to understanding their claims,[3] their briefs are largely incomprehensible and do not comply with Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-86 (1996). The fact that the plaintiffs are proceeding pro se does not excuse these deficiencies, as pro se litigants are "held to the same standards as litigants who are represented by counsel." Maza v. Commonwealth, 423 Mass. 1006 (1995).
For the above reasons, the November 28, 2016, order is affirmed.[4]
So ordered.
Affirmed.

For example, the record appendices contain only the first page of the following documents: the plaintiffs' complaint, the defendant's second motion to dismiss and its supporting memorandum of law, and the plaintiffs' November 10, 2015, emergency motion for relief.

The plaintiffs' requests for "double costs for this appeal" are denied.