The plaintiff appeals from the dismissal of his complaint.[3] The plaintiff filed suit against the defendants after the Secretary of the Commonwealth did not conduct an investigation into the plaintiff's concerns regarding Barack Obama's legal qualifications to run for President in 2012, and the Attorney General did not investigate the Secretary of the Commonwealth's inaction. The plaintiff's appeal fails for two reasons.
First, the plaintiff has not made an argument that rises to the level of an appellate argument within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). An appellate brief must "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Mass.R.A.P. 16(a)(4). "Briefs that limit themselves to bald assertions of error that lack[ ] legal argument ... [do not] rise[ ] to the level of appellate argument required by rule 16." Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (quotations omitted). The plaintiff does not support his claims with relevant facts, sufficient legal argument, or supporting legal authority.[4] Although the plaintiff is a pro se litigant, his noncompliance with the rules of appellate procedure is not excused because he "is held to the same standards as litigants who are represented by counsel." Maza v. Commonwealth, 423 Mass. 1006, 1006 (1996).
Second, to the extent that the plaintiff seeks reinstatement of his complaint, the complaint was properly dismissed. The plaintiff does not have standing because he has not suffered nor is he in danger of suffering any legal harm from the lack of investigation. Tax Equity Alliance for Mass. v. Commissioner of Rev., 423 Mass. 708, 714-715 (1996). Even if the plaintiff had standing, the statutory sections he relies on, G. L. c. 55B, §§ 4 and 5, do not require the defendants to investigate the plaintiff's claim and, as such, the defendants cannot be compelled to do so. See Anzalone v. Administrative Office of the Trial Ct., 457 Mass. 647, 655 (2010) (writ of mandamus cannot be used to compel discretionary acts). Nor do the statutory sections provide for a private cause of action by persons not acting on behalf of candidates if there is no investigation. See G. L. c. 55B, §§ 4 - 5. See also Sullivan v. Chief Justice for Admin. & Mgmt. of the Trial Ct., 448 Mass. 15, 38 (2006) ("[A] clear legislative intent is necessary to infer a private cause of action from a statute" [citation omitted] ).
Judgment affirmed.
Order denying motion for reconsideration affirmed.

He also noticed an appeal from the order denying his motion for reconsideration.

Appellate briefs must also have a table of contents; a table of cases, statutes, and other authorities cited; a statement of the issues the party presents for review; a statement of the case detailing the procedural history; and a statement of the relevant facts. Mass.R.A.P. 16(a)(1-3), as amended, 428 Mass. 1603 (1999). None of these are present in the plaintiff's brief.