*Hertzl Sinai*, pro se.

LLOYD MATTHEWS *vs.* KENNETH D'ARCY. July 9, 1997. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner, Lloyd Matthews, is the plaintiff in an underlying civil action against the respondent, Kenneth D'Arcy. That action is pending in the Superior Court for Norfolk County. In January, 1997, Matthews filed a petition in the county court in accordance with G. L. c. 211, § 3, seeking an order requiring the

Superior Court to act on various discovery-related motions that he had filed between May and November of 1996. In the alternative, he sought an order requiring D'Arcy to submit to a deposition that had been ordered by a judge in the Superior Court on June 29, 1995, but which had not yet taken place (the focus of Matthews's various motions). A single justice denied the petition without a hearing, and Matthews appeals.[1]

We have repeatedly held that relief under G. L. c. 211, § 3, is properly denied where there are routes other than c. 211, § 3, by which the petitioning party may adequately seek relief. *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019 (1996). *Martineau* v. *Department of Correction*, 423 Mass. 1007 (1996). *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996). We have also held that it is the petitioning party's burden to demonstrate the absence or inadequacy of other remedies. *Hines* v. *Commonwealth*, 423 Mass. 1004 (1996). *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995). *Dunbrack* v. *Commonwealth*, 398 Mass. 502, 504 (1986).

In this case, Matthews has not properly demonstrated that he availed himself of other available means of achieving the desired relief. Noticeably absent from his submission to the single justice were copies of the correspondence he claims to have sent to the clerk of the Superior Court, a judge of that court, and the court's Chief Justice, regarding the court's failure to act on his motions. See *Zatsky* v. Zatsky, 36 Mass. App. Ct. 7, 12 (1994) (suggesting that such a course be taken by litigants aggrieved by delay). He did not file an affidavit verifying that he had sent such correspondence. Nor did he submit copies of any correspondence he may have received from the Superior Court clerk, judge, or Chief Justice. The single justice was not required to believe Matthews's bare, unverified allegation in hes memorandum supporting his G. L. c. 211, § 3, petition that he had unsuccessfully pursued these avenues in the trial court. It was Matthews's duty to substantiate his allegation. See *Barnoski* v. *Commonwealth*, 413 Mass. 1007 (1992) (noting petitioner's duty to develop a factual record before the single justice adequate to support the allegations of G. L. c. 211, § 3, petition). See also *Pandey* v. *Ware Div. Of the Dist. Court Dep't*, 412 Mass. 1002, 1003 (1992); *Commonwealth* v. *Montanez*, 388 Mass. 603, 604-605 (1983); *Costarelli* v. *Municipal Court of the City of Boston*, 367 Mass. 35, 38 n.2 (1975). [2]

We are mindful, nevertheless, that Matthews's multiple motions in the Superior Court have gone without action by the court for periods now ranging from more than six months to more than one year, and that the deposition of D'Arcy ordered on June 29, 1995, has not yet taken place. We shall remand this case to the county court, where Matthews will have thirty days from the date of the rescript in which to file an amended petition containing updated and

---

[1]Because Matthews's appeal does not concern a "challenged interlocutory ruling in the trial court," it is not subject to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), and so we previously ordered that it should proceed according to the regular appellate process.

[2]We note a further deficiency in Matthews's petition. He did not demonstrate, or even allege, that the motions he filed in the Superior Court were correctly served on D'Arcy. Copies of his motions were not made part of the record before the single justice. Nor was a copy of D'Arcy's opposition included. Without proof of proper service and a showing that the motions were otherwise ripe for disposition, the single justice was in no position to order the Superior Court to dispose of these motions.

fully substantiated allegations. The amended petition is to be served on D'Arcy, who will have ten days in which to respond. If, by that time, the Superior Court has not acted on the pending motions, the single justice may take a fresh look at the situation and decide anew whether any relief pursuant to G. L. c. 211, § 3, may be warranted.

*So ordered.*

*Lloyd Matthews*, pro se, submitted a brief.