YURI KRAYTSBERG *vs.* YEVGENYA KRAYTSBERG & others.[1] July 6, 1998. *Supreme Judicial Court*, Superintendence of inferior courts. *Abuse Prevention.*

On December 3, 1997, the petitioner filed a petition under G. L. c. 211, § 3, asking a single justice of this court to vacate two restraining orders. A judge in the Middlesex Probate and Family Court issued the first restraining order on February 16, 1993, under G. L. c. 208, § 34B, pursuant to the court's jurisdiction over the divorce between the petitioner and his wife, one of the respondents in this case. A District Court judge issued the second order against the petitioner on September 10, 1993, pursuant to G. L. c. 209A; the District Court judge has renewed the order every year since, most recently on September 11, 1997.

"This court will not reverse a single justice's denial of a petition brought

---

[1]Middlesex Division of the Probate and Family Court Department and Newton Division of the District Court Department.

pursuant to G. L. c. 211, § 3, unless the single justice abused his or her discretion or made a clear error of law." *Rogan* v. *Commonwealth*, 415 Mass. 376, 378 (1993), citing *Schipani* v. *Commonwealth*, 382 Mass. 685 (1980). The single justice neither abused his discretion nor made a clear error of law in the instant case.

As for the restraining order the District Court issued pursuant to G. L. c. 209A, the most recent renewal, on September 11, 1997, was subject to this court's decision in *Zullo* v. *Goguen*, 423 Mass. 679, 682 (1996): "litigants seeking judicial review of an order made pursuant to G. L. c. 209A are directed to the Appeals Court." Therefore, in challenging the September, 1997, renewal of the c. 209A order, the petitioner could not avail himself of G. L. c. 211, § 3, because "[an]other remedy [was] expressly provided."

The petitioner also purports to seek review of the District Court's original issuance of the c. 209A order in September, 1993, before the decision in *Zullo, supra*. Even assuming that the petitioner properly sought relief under G. L. c. 211, § 3, he failed to present evidence from which the single justice could have awarded him the relief he sought. There was no basis on which the single justice could have concluded that the original c. 209A order was procedurally defective. Therefore the single justice did not abuse his discretion or make a clear error of law in denying the petitioner relief.

As for the restraining order under G. L. c. 208, § 34B, the petitioner could have sought relief from that order in the Appeals Court at the time of its issuance. See G. L. c. 211A, § 10. Therefore, G. L. c. 211, § 3, was not a proper avenue for relief from that order.

· The petitioner implies that the Probate Court took no action on a motion he filed in August, 1997, seeking to vacate the c. 208, § 34B, restraining order. Therefore, he claims, he had no remedy other than to petition this court under c. 211, § 3. The record merely indicates that the Probate Court continued a hearing on the motion to vacate, at the request of respondent's counsel, because of a scheduling conflict. Even if the court had failed to act on the motion, as the petitioner claims, there were other remedies available before seeking relief under c. 211, § 3. See *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997); *Zatsky* v. *Zatsky*, 36 Mass. App. Ct. 7, 12 (1994).

The order of the single justice denying the petition for relief under G. L. c. 211, § 3, is hereby affirmed.

*So ordered.*

*Yuri Kraytsberg*, pro se.
*Andrea H. Maislen* for Yevgenya Kraytsberg.