MICHAEL ELBERY *vs.* COMMONWEALTH. July 13, 2000. *Supreme Judicial Court*, Superintendence of inferior courts.

The petitioner, Michael Elbery, appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3, which sought relief from an order of a Superior Court judge that limited to sixty pages the length of the memorandum and supporting materials that the petitioner would initially be allowed to submit in support of his motion for a new trial in a criminal case. We affirm.

We have repeatedly held that relief under G. L. c. 211, § 3, is properly denied where there are other routes by which a petitioning party may adequately seek relief. See, e.g., *Kraytsberg* v. *Kraytsberg*, 427 Mass. 1008, 1009 (1998); *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997). Here, the

1008             432 Mass.

Rescript Opinions.

petitioner has another available remedy. He can appeal from the judge's ruling pursuant to Mass. R. Crim. P. 30 (c) (8), as appearing in 420 Mass. 1502 (1995), following the entry of a final order on his motion for a new trial, if his motion for a new trial is denied. Having failed to demonstrate that this traditional appeal remedy would not provide full and effective relief, the petitioner is not entitled to invoke the extraordinary relief set forth in G. L. c. 211, § 3.[1]

*Judgment affirmed.*

*Michael Elbery*, pro se.


---

[1]We express no view on whether the judge in this case erred in limiting the petitioner's submissions. We note, however, that the order only limited the petitioner's "initial submissions." The order did not absolutely foreclose the possibility that the petitioner would be allowed to file additional pages. Presumably the judge was open to reconsideration of this limit if the petitioner's initial submissions suggested meritorious issues that required additional pages.