KARLA SERTEL *vs.* LEE S. KRAVITZ. No. 00-P-172. April 22, 2002. *Abuse Prevention. Protective Order.*

On July 29, 1999, while the parties' divorce proceedings were pending, an incident occurred that prompted the wife to file a complaint in the District Court seeking a temporary abuse prevention order under G. L. c. 209A. The temporary order was allowed, but, at the suggestion of the District Court judge, the wife filed a motion in the divorce case seeking an abuse prevention order pursuant to G. L. c. 208, § 18, as amended through St. 1989, c. 341, § 93, rather than continuing to prosecute her District Court action. That statute authorizes a judge of the Probate Court to prohibit a spouse from "imposing any restraint upon her or his personal liberty during the pendency of the action for divorce" and to "make such further order as it deems necessary to protect either party or their children."

The Probate Court judge allowed the wife's motion, and another temporary order entered in that court on August 3, 1999. After hearing, the temporary order was modified and extended by the Probate Court judge, and a new order was issued on August 9, 1999, which provided that the husband was not to abuse the wife and that visitation was to be in accordance with an earlier order of the Probate Court dated April 14, 1999. The August 9 order was issued on the Probate and Family Court form which is used for domestic relations protective orders of various types and which provides, among other things, that violation of the order is a criminal offense. On September 8, 1999, the husband filed a notice of appeal from the issuance of the August 9 order.

We first consider whether the appeal is properly before us. Both parties take the position that the order in question was immediately appealable as of right even though the divorce case in which it entered had yet to go to final judgment. We agree that relief from an abuse prevention order that enters under G. L. c. 208, § 18, may be sought at the time of its issuance by taking an appeal to the Appeals Court under the authority of G. L. c. 211A, § 10.

Doing so is consistent with the procedure authorized for the appeal of restraining orders issued under the authority of G. L. c. 208, § 34B, see *Kraytsberg* v. *Kraytsberg*, 427 Mass. 1008, 1009 (1998), and for the appeal of abuse prevention orders issued under the authority of G. L. c. 209A. See *Zullo* v. *Goguen*, 423 Mass. 679, 681 (1996). However, some orders under G. L. c. 208, § 18, are not in the nature of abuse prevention orders. See *Hennessey* v. *Sarkis, ante* 152, 155-156 (2002). Rather, they are civil orders entered by the divorce judge in an effort to calm tensions between the parties that may have erupted in angry words or harassing behaviors that do not rise to the level of abuse as defined by law. See G. L. c. 209A, § 1. Such orders do not carry the notification that violation is a criminal offense, and we do not intimate that immediate plenary review may be had of such orders.

Insofar as the merits are concerned, we find the husband's arguments unpersuasive. There was sufficient evidence to support the issuance of the abuse prevention order; and, contrary to the husband's assertions, the record reveals that he was afforded ample opportunity to respond to the wife's factual allegations and to present his evidence. We do not pass upon the husband's constitutional arguments, because they were not raised below. See *E.H.S.* v. *K.E.S.*, 424 Mass. 1011, 1011-1012 (1997).

*Order of August 9, 1999, affirmed.*

*Robert J. Rivers, Jr.,* for the plaintiff.

*Theodore M. Kravitz* for the defendant.