The case was submitted on briefs.

*Richard H. Clark*, pro se.

G. SAIF SABREE *vs.* SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR JUNCTION.[1] July 9, 2002. *Supreme Judicial Court,* Superintendence of inferior courts. *Mandamus. Practice Civil,* Action in nature of mandamus.

The petitioner, G. Saif Sabree, appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief in the nature of mandamus pursuant to G. L. c. 211, § 3. By his petition, Sabree sought an order (a) directing the Superior Court to enter a default judgment against the defendants in an underlying Superior Court action (defendants) for failure to answer interrogatories; (b) instructing the Superior Court that Sabree is entitled to pursue default judgment against the defendants for failure to answer inter-

---

[1]Although the petition includes "et al." following the named respondent, the other putative parties are not identified. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

rogatories; or (c) compelling the defendants to answer the interrogatories.[2] We affirm the judgment of the single justice.

A petitioner seeking relief under G. L. c. 211, § 3, must demonstrate "both a substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means."[3] *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998); *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997). Sabree's petition fails in both respects. See *Pandey* v. *Paul Revere Life Ins. Co.*, 421 Mass. 1004 (1995) (G. L. c. 211, § 3, relief not available where plaintiff sought reversal of order vacating default judgment for failure timely to answer interrogatories); *Pandey* v. *Roulston*, 419 Mass. 1010, 1011 (1995).

While G. L. c. 211, § 3, relief in the nature of mandamus might be warranted in an appropriate case to remedy inaction by a court, see *Matthews* v. *D'Arcy*, *supra* at 1022-1023 (1997); *Crocker* v. *Justices of the Superior Court*, 208 Mass. 162, 164 (1911), in this case, the Superior Court docket indicates that judgment already has entered for the defendants pursuant to Mass. R. Civ. P. 58 (a), as amended, 371 Mass. 908 (1977), and that Sabree has filed a notice of appeal. See *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). Further, some of the relief sought by Sabree in his petition would require reversal of the Superior Court's judgment, a result not available by mandamus. "[M]andamus will not issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991). See *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003 & n.2 (2000).

The judgment of the single justice denying relief under G. L. c. 211, § 3, is affirmed.

*So ordered.*

The case was submitted on briefs.

*G. Saif Sabree*, pro se.

*Thomas E. Abruzzese* for the defendant.


---

[2]Because there is no "challenged interlocutory ruling in the trial court," S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), does not apply. See *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 & n.1 (1997).

[3]Similarly, it "is well settled that relief in the nature of mandamus is extraordinary and may be granted only to prevent a failure of justice in instances where there is no alternative remedy." *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991), and cases cited.

