EMMETT S. MULDOON *vs.* SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT. June 24, 2003. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Emmett S. Muldoon appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. His petition sought an order compelling the Superior Court to act on a pending motion in his underlying civil action and to permit him to present oral argument concerning it.[1] We affirm.

Based on the record before him, and settled law governing relief under G. L. c. 211, § 3, *Matthews* v. *D'Arcy,* 425 Mass. 1021, 1022 (1997), we cannot say that the "single justice committed an error of law or abused his discretion in denying relief." *Devon Servs., Inc.* v. *Wellman,* 432 Mass. 1013, 1013 (2000). Among other things, that record failed to demonstrate "the absence or inadequacy of other remedies."[2] *Matthews* v. *D'Arcy, supra.* See *Kraytsberg* v. *Kraytsberg,* 427 Mass. 1008, 1009 (1998). See also *Zatsky* v. *Zatsky,* 36 Mass. App. Ct. 7, 12 (1994). The record similarly failed to establish that "the delay was unreasonable in the circumstances . . . [or that] the petitioner has been prejudiced by the delay." *Martineau* v. *Department of Correction,* 423 Mass. 1007, 1007 (1996).

Finally, after the single justice's decision, and after almost two years without action by the Superior Court, it appears as though a Superior Court judge dismissed the petitioner's case without ruling on the pending motions and that the petitioner moved to vacate the judgment of dismissal. The matters raised by the petitioner's Superior Court motions may be addressed by a judge

---

[1] The petition also sought an order from this court requiring payment of certain fees by a nonparty. The petitioner has not pursued that request on appeal, and we therefore do not address it. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). See also *McElderry* v. *Planning Bd. of Nantucket,* 431 Mass. 722, 724 n.3 (2000) (where claim not pressed on appeal, court considered it waived).

[2] In this appeal, our review of the single justice's decision does not consider documents included in the record appendix that were not before him. *Russell* v. *Nichols,* 434 Mass. 1015, 1016 n.4 (2001).

in that court if the judgment is vacated or, if necessary, by the Appeals Court on appeal from the judgment of dismissal.

*Judgment affirmed.*

*Emmett S. Muldoon,* pro se, submitted a brief.