SUSANNE G. SWARTWOUT *vs.* JOHN A. TAYLOR. December 11, 2003. *Supreme Judicial Court,* Appeal from order of single justice.

Susanne G. Swartwout appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3. She had sought relief from an order of a judge in the Probate and Family Court dismissing her complaint for modification of a child custody decree on the basis that New Hampshire was the more convenient forum. We affirm.

Following the judge's order, Swartwout unsuccessfully moved for reconsideration. She also petitioned a single justice of the Appeals Court for relief pursuant to G. L. c. 231, § 118, first par., to no avail. Swartwout then filed her G. L. c. 211, § 3, petition in the county court, which the single justice denied after a hearing.[1]

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). As the parties contend, the order dismissing Swartwout's modification complaint is interlocutory because the judge who entered it expressly retained jurisdiction over a child support counterclaim filed by the respondent, John A. Taylor, and nothing in the record indicates that final judgment has entered regarding that claim. See Mass. R. Dom. Rel. P. 54 (b) (2003). Swartwout has not, however, satisfied her burden of "set[ting] forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Her rule 2:21 memorandum presents only bare, unsubstantiated assertions regarding spoliation of evidence and undue hardship to the child. See *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998); *Matthews* v. *D'Arcy,* 425 Mass. 1021, 1022 (1997).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Alanna G. Cline* for the plaintiff.

---

[1]The order of the Probate and Family Court judge was stayed while Swartwout sought reconsideration of it, and while she petitioned for relief from the single justices of the Appeals Court and this court. The last stay expired on August 6, 2003, and the record is silent as to whether Swartwout obtained further stays. Regardless, as discussed *infra,* the order is interlocutory for purposes of S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).