GHODRAT FARAHANI *vs.* SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT. May 18, 2010. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Appeal, Attorney's fees.

Ghodrat Farahani (petitioner) appeals from a judgment of a single justice of this court denying his petition for extraordinary relief.[1] He had requested the single justice to issue various orders to ensure docketing of and action on pleadings the petitioner had filed, and might file in the future, in assorted civil cases in the Superior Court in Bristol County. He failed to substantiate his claims, however, that some of the pleadings he had filed in the Superior Court had languished without proper attention. See *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998); *Matthews* v. *D'Arcy,* 425 Mass. 1021, 1022 (1997). In addition, he failed to show why an appeal from any adverse final judgment (as appears to have entered in several of the cases the petitioner has identified), or other steps short of an exercise of this court's extraordinary superintendence power could not provide him adequate relief. See *Muldoon* v. *Superior Court Dep't of the Trial Court,* 439 Mass. 1010 (2003); *Matthews* v. *D'Arcy, supra; Zatsky* v. *Zatsky,* 36 Mass. App. Ct. 7, 12 (1994). We therefore conclude that the single justice neither abused her discretion nor otherwise erred in denying the petition.[2]

*Judgment affirmed.*

*Ghodrat Farahani,* pro se.

*Christine A. Baily,* Assistant Attorney General, for the defendant.


---

[1]The petitioner sought to invoke G. L. c. 211, § 3; G. L. c. 249, § 5; G. L. c. 211C, § 2; various Federal and State constitutional provisions; and unspecified Federal and State "civil rights statutes." The single justice correctly treated the petition as being under G. L. c. 211, § 3, and the petitioner has not challenged that approach on appeal. See *Watson* v. *Walker,* 455 Mass. 1004, 1004 n.2 (2009).

[2]To the extent the petitioner claims that the full court, and not a single justice, should have considered his requests for relief in the first instance, we conclude he would not have been entitled to relief in any event for the reasons we have discussed. We also reject his request for attorney's fees.