DAVID LEE SELLERS vs. COMMONWEALTH. March 19, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* New trial.

The petitioner, David Lee Sellers, appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3. The single justice neither erred nor abused his discretion in denying relief on the record that was before him.

The petitioner was convicted of multiple criminal offenses in 2005, and his convictions were affirmed in 2009. *Commonwealth* v. *Sellers,* 74 Mass. App. Ct. 1119 (2009). Representing himself, he filed a motion for a new trial in the trial court in May, 2010, and an amended motion for a new trial in December, 2010. Neither motion has been acted on to date. The petitioner also represents that he has filed two additional motions requesting action on his motions for a new trial, but that those motions likewise have gone unresolved. In his petition before the single justice, he complained about the trial court's inaction on his motions and requested that the single justice grant him a new trial for the reasons stated in the motions he filed in the trial court.

The single justice was within his discretion in declining to grant the relief sought on the record before him. The petitioner did not allege, let alone demonstrate, that he had availed himself of all measures available to him in the trial court to obtain a ruling on his motions. See *Matthews* v. *D'Arcy,* 425 Mass. 1021, 1022 (1997) (identifying steps other than petition under G. L. c. 211, § 3, that litigant should take to address judicial inaction). See also *Zatsky* v. *Zatsky,* 36 Mass. App. Ct. 7, 12 (1994) ("If a decision seems overdue, the first step a litigant can take is to make inquiry of the trial judge, directly, or through the . . . clerk's office. . . . More formal measures are available as next steps. A litigant may make a demand for action with the chief judge of the trial court concerned"). Nor did he provide copies of the motions he states that he filed in the trial court seeking action on his motions for a new trial. Nor did he provide the single justice with a record adequate to support the specific relief he sought, the granting of a new trial; he submitted only some, but not all, of the materials that were filed in the trial court with respect to the motions for a new trial.

That said, we are not unmindful of the fact that the petitioner's motions for a new trial have gone unresolved for more than two years, for reasons that are not apparent in the record, and despite some efforts apparently having been made by the petitioner to obtain action. To bring the matter to a head without further delay, the clerk of the county court is directed to inquire of the trial court clerk's office, and the judge directly, if necessary, as to the reason for the passage of such a long period of time without action, and shall report the response to the single justice. If no action on the motions is imminent, and there is no sound reason for the delay, "the single justice may take a fresh look at the situation and decide anew whether any relief pursuant to G. L. c. 211, § 3" — e.g., an order compelling action on the motions — is warranted. *Matthews* v. *D'Arcy, supra* at 1022-1023.[1]

The judgment of the single justice denying relief on the record that was

---

[1]The Commonwealth's brief on appeal is unhelpful. It first advances the argument that the petitioner's appeal is untimely because the notice of appeal was not filed within seven days, as prescribed by S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). This completely ignores our explicit ruling, in an order issued a month before the brief was filed, that "Rule 2:21 does not apply in these circumstances, as there is 'no chal-

before him is therefore affirmed, and the case is remanded to the county court for further proceedings as set forth in the preceding paragraph.

*So ordered.*

The case was submitted on briefs.

*David Lee Sellers,* pro se.

*Allison Callahan,* Assistant District Attorney, for the Commonwealth.


lenged interlocutory ruling in the trial court.' Rule 2:21 [(1)]. See, e.g., *Matthews* v. *D'Arcy,* 425 Mass. 1021, 1022 & n.1 (1997)."

Second, the Commonwealth offers no insight or explanation why the petitioner's motions remain pending without action in the trial court for more than two years. Instead it attempts to reassure us that, "[w]hile delays in the post-conviction process are, no doubt, maddening, they are hardly unusual," and that the petitioner "does not suggest or establish that he has a substantive right to have his motion for a new trial decided in any specific time frame." We are not content, however, to allow the motions to continue to drift, without explanation, until the petitioner suffers a prejudicial due process violation.

Finally, the Commonwealth maintains that "this court lacks jurisdiction to address the merits of the [petitioner's] motion for a new trial," which is incorrect. Our general superintendence power includes the power to remedy errors and abuses in the trial court, which would include a judge's unjustified failure to take action on a pending matter. We are also empowered by G. L. c. 211, § 4A, last par., to transfer from a lower court directly to this court "any cause or matter . . . in whole or in part" for decision by us, when the circumstances call for it. The Commonwealth's argument that this power is exercisable only by the full court, and not by a single justice, is baseless. *Empire Apartments, Inc.* v. *Gray,* 353 Mass. 333, 334-335 (1967) (rejecting claim that only full court, and not single justice, has authority to act under last paragraph of § 4A). Cf. *Commonwealth* v. *Feliciano,* 442 Mass. 728, 731-732 (2004) (discussing single justice's authority to act pursuant to G. L. c. 211, § 3, despite no explicit reference in statute to single justice); *Sabree* v. *Commonwealth,* 432 Mass. 1003, 1003 n.2 (2000) (discussing single justice's authority to grant mandamus relief when trial court fails to act on pending motion; rejecting Commonwealth's claim that only full court, not single justice, has authority to grant such relief).

