Santos has now filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Technically speaking, that rule does not apply here because Santos is not seeking relief from any interlocutory ruling of the trial court. Rather, he is asking us to act on, or to direct the trial court to act on, a motion that purportedly has been filed and is pending in that court. It is unclear from the record, however, whether the motion was actually ever received by and filed in the trial court. Nothing on the trial court docket shows that such a motion was received and filed, and there is no indication on the copy of the motion included in the record before us (e.g., a date stamp indicating receipt) that the motion was ever received by the trial court. Any question concerning the actual receipt and filing of the motion is something that should itself be resolved in the trial court in the first instance. See Matthews v. D'Arcy, 425 Mass. 1021, 1022, 681 N.E.2d 815 (1997). If Santos did in fact file the motion, there is no reason why it should not be docketed and acted on accordingly. Alternatively, if the motion was never in fact filed in the trial court, Santos should file it there now, rather than filing a G. L. c. 211, § 3, petition in this court.
On the basis of the record before her, the single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.
Judgment affirmed.