NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13500

STANLEY DONALD  vs.  COMMONWEALTH.

May 16, 2024.

Supreme Judicial Court, Superintendence of inferior courts.

The petitioner, Stanley Donald, stands convicted of various felony offenses.  On August 29, 2022, acting pro se,[1] he filed a motion for a new trial in his underlying criminal case.  Nearly one year later, on June 26, 2023, Donald filed a petition in the county court, pursuant to G. L. c. 211, § 3, requesting that the Superior Court be compelled to rule on his pending motion for a new trial.  The single justice denied the petition without prejudice, on the ground that Donald had an adequate alternative remedy -- namely, the ability to file a motion in the Superior Court requesting expedited review of his motion for a new trial.  Thereafter, Donald submitted two motions to this effect in the Superior Court on July 20 and September 1, 2023.  Two and one-half weeks after filing the second motion, Donald submitted a "renewed" request for the single justice to compel the Superior

_____

[1] At the time, Donald was apparently represented by appointed counsel, who had purported to enter a limited notice of appearance for the specific purpose of screening and possibly litigating a motion to obtain postconviction forensic testing, pursuant to G. L. c. 278A.  An order eventually issued authorizing forensic testing of certain evidence, see Commonwealth v. Donald, 487 Mass. 1036, 1037 (2021), and counsel filed a motion to withdraw on February 3, 2023.  Donald has expressly indicated in subsequent filings to the Superior Court, as well as this court, that he would like to proceed pro se on his motion for a new trial.

Court to rule upon his new trial motion.  That request was denied, and Donald pursued the instant appeal.

"It is well settled that this court will not reverse an order of a single justice in the absence of an abuse of discretion or clear error of law" (citation omitted).  Matter of an Impounded Case, 491 Mass. 109, 114 (2022).  A single justice does not err or abuse her discretion in declining to grant relief where other adequate and effective remedies are available to the petitioner.  See Martineau v. Department of Correction, 423 Mass. 1007, 1007 (1996).  This court has thus upheld the denial of relief by the single justice where there existed "other practical and legal steps" that a petitioner could have pursued to resolve inaction or delay in the trial court, see Skandha v. Clerk of the Superior Court for Civ. Business in Suffolk County, 472 Mass. 1017, 1018 (2015), or where the petitioner failed to provide the single justice with an adequate record to demonstrate that he had availed himself of all such measures, see Sellers v. Commonwealth, 464 Mass. 1015, 1015 (2013).

After the single justice denied Donald's initial petition without prejudice, Donald did pursue the alternative remedy of moving in the Superior Court for expedited review.  However, after filing the second such motion -- in which he requested that the trial court take action within thirty days -- Donald waited only seventeen days before returning to the single justice with a renewed request to intervene.  In these circumstances, the single justice did not abuse her discretion in declining to grant relief at that time.

We further note that, while this matter was pending, the Superior Court scheduled and held a status conference concerning Donald's pending motion for a new trial.  The electronic docket reflects that at the hearing, and per Donald's request, the Superior Court agreed to stay action on the new trial motion until a subsequent hearing date.  See Mushwaalakbar v. Commonwealth, 487 Mass. 627, 631-632 (2021) (court may take judicial notice of docket entries).  It thus appears that there is now some prospect of a trial court decision on Donald's motion for a new trial.

Judgment affirmed.


The case was submitted on briefs.
Stanley Donald, pro se.