NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13806

STEVEN L. SMITH  vs.  COMMONWEALTH.


May 8, 2026.


Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Criminal, New trial.



        The petitioner, Steven L. Smith, appeals from a judgment of
a single justice of this court denying his petition pursuant to
G. L. c. 211, § 3.  We affirm.

        In August 2024, Smith pleaded guilty to one count of
indecent assault and battery on a person age fourteen or older,
in violation of G. L. c. 265, § 13H, and three counts of witness
intimidation, in violation of G. L. c. 268, § 13B.  He was
sentenced to a term of imprisonment, deemed served, and a three-
year term of probation with certain conditions.  At the time,
Smith was represented by appointed counsel.  In the ensuing
months, Smith, acting pro se, filed several motions to withdraw
his guilty pleas or for a new trial pursuant to
Mass. R. Crim. P.  30 (b), as appearing in 435 Mass. 1501 (2001)
(collectively, rule 30 [b] motions).  He also filed numerous
other motions seeking, among other things, appointment of
counsel and funds to pay a private investigator.  Although the
trial court acted on many of the motions, including denying the
motion for appointment of counsel for purposes of the rule 30
(b) motions, there is no indication, on the docket or otherwise,
that the court acted on the rule 30 (b) motions.[1]

─────────────────────

        [1] The volume of papers filed in the trial court proceedings
makes it difficult to discern certain details, but the
Commonwealth has not disputed the petitioner's claims that the

In June 2025, Smith filed his "emergency motion for immediate relief" in the county court, in which he requested a change of venue and to withdraw his pleas. He also pressed the point that the trial court had not acted on his rule 30 (b) motions. The single justice treated the motion as a petition pursuant G. L. c. 211, § 3, and denied it on the basis that the petition did not present "the type of exceptional matter that requires the court's extraordinary intervention." Commonwealth v. Fontanez, 482 Mass. 22, 25 (2019).[2]

In his appeal, Smith seeks a variety of relief including an order directing the trial court to schedule a hearing on his rule 30 (b) motions or, alternatively, to set aside his pleas and set a trial date. As noted, it does not appear that the trial court has acted on Smith's rule 30 (b) motions. The reasons for this are not apparent, but in addition to the numerous motions that Smith has filed, the docket reflects that Smith has been charged several times with violating his probation with many related docket entries. There are also docket entries related to the need for the court to assign Smith's case to certain judges (because Smith has brought civil actions against several trial court judges, including the judge who presided over the plea hearing). Moreover, it appears that there is a pending probation violation charge that has not yet been resolved. In short, the variety of events in the trial court and the numerous filings may bear on any lack of action on Smith's rule 30 (b) motions. Smith has also failed to demonstrate that he has "availed himself of all measures available to him in the trial court to obtain a ruling on his motions." Sellers v. Commonwealth, 464 Mass. 1015, 1015 (2013), citing Matthews v. D'Arcy, 425 Mass. 1021, 1022 (1997) (setting forth steps a litigant should take to address judicial inaction). The single justice was therefore well within her discretion to deny relief under G. L. c. 211, § 3.

That said, we are "not unmindful of the fact" that Smith's rule 30 (b) motions appear to have gone unresolved for reasons not readily apparent from the record. Sellers, 464 Mass. at 1015. We trust that, if the trial court has in fact not yet acted on the motions, it will do so promptly.

---

court has not acted on his motions to withdraw his guilty pleas or for a new trial.

[2] The petitioner referenced G. L. c. 231, § 118, on the face of the motion, but that statute does not apply here.

_Judgment affirmed._

The case was submitted on briefs.

Steven L. Smith, pro se.

Elizabeth A. Sweeney, Assistant District Attorney, for the Commonwealth.