NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13903

PAUL L. MUCKLE  vs.  MARIE B. LAMOTHE & others.[1]


June 4, 2026.


<u>Supreme Judicial Court</u>, Superintendence of inferior courts.


The petitioner, Paul L. Muckle, appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3.  We affirm.

This matter arises from a civil lawsuit that Muckle commenced in the Brockton Division of the District Court Department.  In the course of those proceedings, a defendant named in Muckle's first amended complaint filed a motion to remove the case to the Superior Court based upon the amount in controversy.  A judge in the District Court treated the motion as one seeking dismissal and issued an order denying the motion.[2] After Muckle filed a second amended complaint, the two defendants named in that complaint each submitted a motion to dismiss for failure to state a claim, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  Those motions were granted by another judge in the District Court.  The judge also denied various motions filed by Muckle, including a motion for summary

_____

[1] Arbella Insurance Group and the Brockton Division of the District Court Department.

[2] The judge wrote in a margin endorsement, "The plaintiff has zero expectation of recovery in excess of $50,000.00 or a million dollars.  The plaintiff claims his amended complaint was phrased to get the attention of the defendant.  The special damages were close to . . . small claim damages.  This is not a complex case that cannot be decided upon in the district court."

judgment.  Thereafter, Muckle filed the instant petition requesting relief from a number of these rulings.  A single justice denied the petition without a hearing, and this appeal followed.

On appeal from a judgment of the single justice, "[i]t is well settled that this court will not reverse [that decision] in the absence of an abuse of discretion or clear error of law" (citation omitted).  Matter of an Impounded Case, 491 Mass. 109, 114 (2022).  A single justice does not err or abuse her discretion in declining to grant relief pursuant to G. L. c. 211, § 3, where there are other adequate and effective remedies available.  See Martineau v. Department of Correction, 423 Mass. 1007, 1007 (1996).

Muckle has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which concerns the denial of relief by a single justice of this court "from a challenged interlocutory ruling in the trial court." Passing on the question whether rule 2:21 applies in these circumstances,[3] Muckle has "offer[ed] no reason why he cannot obtain adequate review" of the rulings he complains of "in an ordinary appeal from a final judgment."  Muckle v. Commonwealth, 455 Mass. 1008, 1008 (2009).  Indeed, Muckle concedes that he has the ability to seek review through the normal appellate process but contends that he "should not have to suffer the financial and emotional difficulties" of waiting for his appeal to be perfected in the ordinary course.  Although this court has recognized that in very narrow circumstances "certain substantive rights may not survive the delays inherent in the normal appellate process," such that a direct appeal would not provide an adequate alternative remedy, Muckle has not demonstrated that this matter implicates any such right. Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 708 (1990).  Accordingly, the single justice did not commit an error of law or abuse her discretion in denying relief.[4]

---

[3] The docket of the trial court proceedings appears to indicate that judgment has entered below.

[4] Muckle asserts in passing that he is also seeking relief from the "refusal" of the trial court to rule on his "verbal and written motions for clarification of the record."  This appears to be a reference to a "motion for clarification" that Muckle filed on November 13, 2025, as well as other motions Muckle filed seeking reconsideration of earlier rulings.  Most of these

<u>Judgment affirmed.</u>


The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Paul L. Muckle</u>, pro se.

---

motions were filed near in time to Muckle's underlying petition and have since been ruled upon.  With respect to the one motion for reconsideration that appears to remain pending, Muckle has "failed to demonstrate 'the absence or inadequacy of other remedies'" short of this court invoking its superintendence power.  <u>Muldoon</u> v. <u>Superior Court Dep't of the Trial Court</u>, 439 Mass. 1010, 1010 (2003), quoting <u>Matthews</u> v. <u>D'Arcy</u>, 425 Mass. 1021, 1022 (1997).  See <u>Donald</u> v. <u>Commonwealth</u>, 494 Mass. 1016, 1016 (2024) (petitioner not entitled to relief under G. L. c. 211, § 3, "where there existed 'other practical and legal steps' that [he] could have pursued to resolve inaction or delay in the trial court" [citation omitted]).